## HARRISON v. NEW ORLEANS PUBLIC SERVICE, Inc.

### No. 16686.

Court of Appeal of Louisiana. Orleans.

Oct. 18, 1937.

Harry R. Cabral and Walter C. Bougere, Jr., both of New Orleans, for appellant.

Ivy G. Kittredge, Alvin R. Christovich, and M. A. Woodruff, all of New Orleans, for appellee.

JANVIER, Judge.

On December 20, 1936, at about 12 o'clock noon, at the corner of Washington avenue and Broad street, Venus Harrison, a passenger on a streetcar of defendant, New Orleans Public Service, Inc., while alighting by means of the rear step, fell and sustained injuries for which she seeks recovery in the sum of $300. She charges that as she placed her foot on the step of the car the heel of her shoe "caught in a hole in the step where the mechanism closes the step against the side of said car" and that, as a result, she lost her balance and was thrown down violently backwards.

Defendant company denies that there was any hole in the step which did or could cause the fall and alleges that plaintiff fell because she caught her heel in some part of the coat which she was wearing.

In the court below there was judgment for defendant, and plaintiff has appealed.

The evidence on which plaintiff relies shows that there was a small opening or crack between the step and rear part, or "riser," which connects the step with the platform of the car, and that plaintiff's heel, as she placed it on the step, squeezed into this small opening and that, thus, the fall was caused. The evidence tendered by defendant is to the effect that there was nothing defective about the step, that the crack was so small that it could not have caught plaintiff's heel, and that, as a matter of fact, it did not do so.

Several witnesses testified that as she attempted to alight her heel caught in the lower portion of the coat which she was wearing.

The record convinces us that there was nothing defective about the step and that it was constructed exactly as are some hundred or more other steps on similar conveyances in this city. We are also convinced that it was impossible for plaintiff to have caught her heel in the crack, as she said she did.

The evidence is overwhelming to the effect that the fall was caused by her catching her heel in the hem or in some other part of her coat.

The judgment appealed from is affirmed.

Affirmed.